UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF COURTNEY COPELAND, Deceased, by SHAPEARL WELLS, Independent Administrator, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 18 C _____ |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER ANDREW BLOCK, CHICAGO POLICE OFFICER JAVIER ESCANIO, CHICAGO POLICE OFFICER RYAN LEON, UNKNOWN JOHN DOE CHICAGO POLICE OFFICERS 1-10; UNKNOWN CHICAGO FIRE DEPART-MENT PERSONNEL 1-10; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Shapearl Wells, as Independent Administrator of the Estate of Courtney Copeland, by and through his attorneys, Andrew M. Stroth and Carlton Odim of Action Injury Law Group LLC, complains of Defendants, City of Chicago, Chicago Police Officer Andrew Block, Chicago Police Officer Javier Escanio, Chicago Police Officer Ryan Leon, Unknown John Doe Chicago Police Officers 1-10, Unknown Chicago Fire Department emergency medical personnel 1-10.

### Introduction

1. This is a civil rights action. On March 4, 2016, Courtney Copeland, a 22 year old African-American male, lost his life. Chicago Police Officers and personnel from the Chicago Fire Department failed to give first aid and medical care to Copeland, who had been shot by an unknown private citizen.

**Jurisdiction and Venue**

2.The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims also occurred in this judicial district.

**Parties**

3.Shapearl Wells was appointed Independent Administrator of the Estate of Courtney Copeland, deceased, by the Probate Division of the Circuit Court of Cook County, Illinois.

4.Shapearl Wells is a resident of Cook County, Illinois and is the mother of Courtney Copeland.

5.Defendant Officer Andrew Block was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

6.Defendant Officer Javier Escanio was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

7.Defendant Officer Ryan Leon was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He

is sued in his individual capacity.

8. Defendant unknown John Doe Officers 1-10, were, at all times relevant to the allegations made in this complaint, duly appointed police officers employed by the City of Chicago, Illinois, acting within the scope of their employment with the City of Chicago and under the color of state law. Each is sued in his individual capacity.

9. Defendant unknown Chicago Fire Department Personnel 1-10, were, at all times relevant to the allegations made in this complaint, duly appointed Chicago Fire Department emergency medical personnel employed by the City of Chicago, Illinois, acting within the scope of their employment with the City of Chicago and under the color of state law. Each is sued in his individual capacity.

10. Defendant City of Chicago, Illinois, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of the defendant officers and the defendant emergency medical personnel. The City of Chicago is responsible for the policies, practices and customs related to its maintenance of a police force.

**Facts**

11. On March 4, 2016, at approximately 1:15 a.m., Courtney Copeland was driving from his home in Cicero, Illinois to a friend's house in Chicago's Belmont-Craigin neighborhood, when a bullet from an unknown private citizen's gun struck him in his upper back.

12. After being shot, Courtney Copeland drove himself towards the 25th District Chicago Police Department station at 5555 West Grand Avenue, Chicago, Illinois.

13. At or near the 25th District Chicago Police Department station, Courtney Copeland flagged down defendant officer Andrew Block then told defendant officer Block that he (Copeland) had been shot.

14. After hearing that Copeland had been shot, defendant officer Andrew Block called for an ambulance.

15. Shortly before or after defendant officer Andrew Block called for an ambulance other defendant officers, including defendant officers Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 arrived on the scene.

16. After defendant officer Andrew Block called for an ambulance, other defendant officers and defendant unknown John Doe Chicago Fire Department medical personnel 1-10 arrived on the scene.

17. After defendant officer Andrew Block called for an ambulance, he and/or defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 took Courtney Copeland into custody, by, among other things, barring him from leaving the scene and by handcuffing him.

18. Before defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant arrived on the scene, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 failed to give Courtney Copeland first aid and medical care.

19. After defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant arrived on the scene, they – in concert with defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, failed to timely give, and sustain the giving of, first aid and medical care to Courtney Copeland.

20. As a result of the failure of the defendant police officers and defendant Chicago Fire Department medical personnel timely give, and sustain the giving of, first aid and medical

care to Courtney Copeland, Copeland died *en route* to Illinois Advocate Masonic Hospital.

21.     On information and belief, the defendant police officers and the defendant Chicago Fire Department medical personnel, jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false, incomplete, and misleading versions of the events of March 4, 2016, for the purpose of, among other things, protecting the defendant officers and the defendant Chicago Fire Department medical personnel and the City of Chicago from the potential consequences of the misconduct alleged in this complaint and to cover up that misconduct.

22.     The actions of the Defendant and his unnamed co-conspirators, as alleged in this complaint, were done jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under 42 U.S.C. § 1983.

## Count I
## 42 U.S.C. § 1983 Claim for Failure to Provide First Aid and Medical Care
## (Fourteenth Amendment)

23.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

24.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 violated Courtney Copeland's rights under the Fourteenth Amendment to the United States Constitution by depriving him of first aid and medical care for the treatment of his gun shot wound and caused the injuries alleged in this complaint.

25.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier

5

Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as alleged in this Count of the complaint, were the direct and proximate cause of the constitutional violations set forth above and of the plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, plaintiff demands substantial actual or compensatory damages against the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, and because the defendant police officers and fire department personnel acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

**Count 2**
**42 U.S.C. § 1983 Claim for Failure to Provide First Aid and Medical Care**
**(Fourth Amendment)**

26.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

27.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 violated Courtney Copeland's rights under the Fourth Amendment to the United States Constitution by depriving him of first aid and medical care for the treatment of his gun shot wound and caused the injuries alleged in this complaint.

28.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as

alleged in this Count of the complaint, were the direct and proximate cause of the constitutional violations set forth above and of the plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, plaintiff demands substantial actual or compensatory damages against the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, and because the defendant police officers and fire department personnel acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 3
## State Law Survival Claim

29. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

30. As a direct and proximate result of the wrongful actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as alleged in this complaint, Courtney Copeland suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from his wounds as a result of the failure of the defendants to provide first aid and medical care, subjecting them to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant

officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, and because the defendant police officers and fire department personnel acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 4
## State Law Wrongful Death Claim

31. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

32. As a direct and proximate result of the foregoing willful and wanton acts of the Defendant and City of Chicago, Courtney Copeland died on March 4, 2016.

33. Plaintiff, Shapearl Wells, Independent Administrator of the Estate of Courtney Copeland, deceased, brings this action in her capacity as Independent Administrator on behalf of the beneficiaries of the Estate of Courtney Copeland, all of whom have suffered and will continue to suffer pecuniary loss as a result of the death of Courtney Copeland.

WHEREFORE, the Plaintiff, Shapearl Wells, Independent Administrator of the Estate of Courtney Copeland, demands judgment against the the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 for compensatory damages, plus costs and any and all other relief that this Court deems just, fair, necessary and proper.

## Count 5
## State Law Claim for Funeral Expenses

34. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if

they were fully set out in this Count.

35. As a direct and proximate result of the actions of the defendants alleged in this complaint, having been taken within the scope of each defendant's employment with the City of Chicago, Plaintiff and the Estate of Courtney Copeland sustained losses in the form of funeral and burial expenses.

WHEREFORE, the Plaintiff, Shapearl Wells, Independent Administrator of the Estate of Courtney Copeland, demands judgment against the the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 for compensatory damages, plus costs and any and all other relief that this Court deems just, fair, necessary and proper.

## Count 6
## State Law Claim for Conspiracy

36. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

37. Defendants, together with their unsued co-conspirators, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal the wrongdoing of Defendants.

38. In furtherance of this conspiracy or conspiracies, the Defendants, together with their unsued co-conspirators, committed the overt acts set alleged in this complaint.

39. These conspiracies are continuing.

WHEREFORE, plaintiff demands substantial actual or compensatory damages against the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, and because the defendant police officers and fire department personnel acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

### Count 7
### State Law Claim for Respondeat Superior Against Defendant City of Chicago

40. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

41. The defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 were each, at all times material to the allegations made in this complaint, employees and agents of the Defendant City of Chicago acting within the scope of their employment. Defendant City of Chicago is liable for the acts of each of the individual defendants which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 and Defendant City of Chicago plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 8
### 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

42. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

43. Defendant City of Chicago was the employer of each of the defendants officers and fire department medical personnel at all times relevant to the allegations contained in this complaint.

44. Defendant officer and defendant fire department medical personnel committed the acts alleged in this complaint under the color of law and in the scope of their employment as an employee of the City of Chicago and the City is liable for their actions under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 and Defendant City of Chicago plus the costs of this action and whatever additional relief this Court deems equitable and just.

March 3, 2018

/s/Andrew Stroth

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
Odim Law Offices
225 West Washington Street
Suite 2200

        Chicago, IL 60606
        (312) 578-9390
        carlton@odimlawoffices.com


        *ATTORNEYS FOR PLAINTIFF*