**18-03-5291**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF COURTNEY COPELAND, Deceased, by SHAPEARL WELLS, Independent Administrator** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No.   18 CV 01596** |
| **CITY OF CHICAGO, CHICAGO POLICE OFFICER ANDREW BLOCK, CHICAGO POLICE OFFICER JAVIER ESCANIO, CHICAGO POLICE OFFICER RYAN LEON, UNKNOWN JOHN DOE CHICAGO POLICE OFFICERS 1-10, UNKNOWN CHICAGO FIRE DEPARTMENT PERSONNEL 1-10** | ) ) ) ) ) ) ) ) ) ) ) ) | **Honorable Rebecca R. Pallmeyer**  **Magistrate Judge Hon. Young B. Kim** |
| **Defendants.** | ) | |

## <u>ANSWER</u>

NOW COME the Defendants, CITY OF CHICAGO, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON (collectively "Defendants" or individually-named defendants as "Defendant-Officers"), by and through their attorneys, Hartigan & O'Connor, P.C., and for their Answer to Plaintiff's Complaint, filed March 3, 2018, Affirmative and Other Defenses, and Jury Demand, state the following:[1]

---

[1] These Defendants make no answer on behalf of any unknown or unidentified officers and, thus, make no answer on behalf of the unidentified "Unknown John Doe Chicago Police Officers 1-10" and "Unknown Chicago Fire Department Personnel 1-10."

## Introduction

1.      This is a civil rights action. On March 4, 2016, Courtney Copeland, a 22

year old African-American male, lost his life. Chicago Police Officers and personnel

from the Chicago Fire Department failed to give first aid and medical care to Copeland,

who had been shot by an unknown private citizen.

**ANSWER:   Defendants admit that this is a "civil rights action." Defendants**

**further admit that Courtney Copeland was pronounced at 02:01 hours on March 4,**

**2016.  Defendants deny the remainder of paragraph one (1).**


## Jurisdiction and Venue

2.      The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of

the United States. Venue is proper in this District under 28 U.S.C. § 1391(b). The

parties reside, or, at the time the events took place, resided in this judicial district, and

the events giving rise to the plaintiff's claims also occurred in this judicial district.

**ANSWER:   Defendants admit Plaintiff's paragraph two (2).**


## Parties

3.      Shapearl Wells was appointed Independent Administrator of the Estate of

Courtney Copeland, deceased, by the Probate Division of the Circuit Court of Cook

County, Illinois.

**ANSWER:   Pursuant to FRCP 8(b)(5), Defendants have knowledge**

**insufficient to either admit or deny Plaintiff's paragraph three (3).**

2

4.     Shapearl Wells is a resident of Cook County, Illinois and is the mother of Courtney Copeland.

**ANSWER:    Defendants admit Plaintiff's paragraph four (4).**

5.     Defendant Officer Andrew Block was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

**ANSWER:    Defendant, BLOCK, admits the allegations in Plaintiff's paragraph five (5), but denies any allegations of misconduct or other wrongdoing alleged herein.**

6.     Defendant Officer Javier Escanio was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

**ANSWER:    Defendant, ESCANIO, admits the allegations in Plaintiff's paragraph six (6), but denies any allegations of misconduct or other wrongdoing alleged herein.**

7.     Defendant Officer Ryan Leon was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago,

Illinois, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

**ANSWER:   Defendant, LEON, admits the allegations in Plaintiff's paragraph seven (7), but denies any allegations of misconduct or other wrongdoing alleged herein.**

8.     Defendant unknown John Doe Officers 1-10, were, at all times relevant to the allegations made in this complaint, duly appointed police officers employed by the City of Chicago, Illinois, acting within the scope of their employment with the City of Chicago and under the color of state law. Each is sued in his individual capacity.

**ANSWER:   Pursuant to FRCP 8(b)(5), Defendants have knowledge insufficient to either admit or deny Plaintiff's paragraph eight (8).**

9.     Defendant unknown Chicago Fire Department Personnel 1-10, were, at all times relevant to the allegations made in this complaint, duly appointed Chicago Fire Department emergency medical personnel employed by the City of Chicago, Illinois, acting within the scope of their employment with the City of Chicago and under the color of state law. Each is sued in his individual capacity.

**ANSWER:   Pursuant to FRCP 8(b)(5), Defendants have knowledge insufficient to either admit or deny Plaintiff's paragraph nine (9).**

10.     Defendant City of Chicago, Illinois, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of the defendant officers

4

and the defendant emergency medical personnel. The City of Chicago is responsible for the policies, practices and customs related to its maintenance of a police force.

**ANSWER:    Defendants admit that the City is a municipal corporation duly incorporated under the laws of the State of Illinois, admits that the City is the employer of Lieutenant Andrew Block, Officer Javier Escanio and Officer Ryan Leon, and, pursuant to FRCP8(b)(5), have knowledge insufficient to either admit or deny whether the City is the employer of the unidentified "Unknown John Doe Chicago Police Officers 1-10" and "Unknown Chicago Fire Department Personnel 1-10. Answering further, Defendants deny the remaining allegations contained in this paragraph because these allegations contain a legal conclusion and contain a vague, incomplete and/or inaccurate statement of the law.**

## Facts

11.    On March 4, 2016, at approximately 1:15 a.m., Courtney Copeland was driving from his home in Cicero, Illinois to a friend's house in Chicago's Belmont-Craigin neighborhood, when a bullet from an unknown private citizen's gun struck him in his upper back.

**ANSWER:    Defendants admit that Plaintiff's decedent was shot by an unknown assailant. Pursuant to FRCP 8(b)(5), Defendants have knowledge insufficient to either admit or deny the remaining allegations of Plaintiff's paragraph eleven (11).**

5

12.     After being shot, Courtney Copeland drove himself towards the 25th District Chicago Police Department station at 5555 West Grand Avenue, Chicago, Illinois.

**ANSWER:     Defendants admit that Plaintiff's decedent's vehicle was at said address.**

13.     At or near the 25th District Chicago Police Department station, Courtney Copeland flagged down defendant officer Andrew Block then told defendant officer Block that he (Copeland) had been shot.

**ANSWER:     Defendant, BLOCK, admits Plaintiff's paragraph thirteen (13).**

14.     After hearing that Copeland had been shot, defendant officer Andrew Block called for an ambulance.

**ANSWER:     Defendant, BLOCK, admits that he requested an ambulance.**

15.     Shortly before or after defendant officer Andrew Block called for an ambulance other defendant officers, including defendant officers Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 arrived on the scene.

**ANSWER:     Defendants, ESCANIO and LEON, admit that they were dispatched to the scene shortly after Lieutenant BLOCK had requested an ambulance.**

16.     After defendant officer Andrew Block called for an ambulance, other defendant officers and defendant unknown John Doe Chicago Fire Department medical personnel 1-10 arrived on the scene.

**ANSWER:    Defendants admit Plaintiff's paragraph sixteen (16).**

17.     After defendant officer Andrew Block called for an ambulance, he and/or defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 took Courtney Copeland into custody, by, among other things, barring him from leaving the scene and by handcuffing him.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph seventeen (17).**

18.     Before defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant arrived on the scene, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 failed to give Courtney Copeland first aid and medical care.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph eighteen (18).**

19.     After defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant arrived on the scene, they – in concert with defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other

7

defendant unknown John Doe officers 1-10, failed to timely give, and sustain the giving of, first aid and medical care to Courtney Copeland.

**ANSWER: Defendants deny the allegations of Plaintiff's paragraph nineteen (19).**

20.     As a result of the failure of the defendant police officers and defendant Chicago Fire Department medical personnel timely give, and sustain the giving of, first aid and medical care to Courtney Copeland, Copeland died *en route* to Illinois Advocate Masonic Hospital.

**ANSWER: Defendants admit that Plaintiff's decedent was pronounced at or around 02:01 hours. Defendants deny the remaining allegations of Plaintiff's paragraph twenty (20).**

21.     On information and belief, the defendant police officers and the defendant Chicago Fire Department medical personnel, jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false, incomplete, and misleading versions of the events of March 4, 2016, for the purpose of, among other things, protecting the defendant officers and the defendant Chicago Fire Department medical personnel and the City of Chicago from the potential consequences of the misconduct alleged in this complaint and to cover up that misconduct.

**ANSWER: Defendants deny the allegations of Plaintiff's paragraph twenty-one (21).**

8

22.     The actions of the Defendant and his unnamed co-conspirators, as alleged in this complaint, were done jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under 42 U.S.C. § 1983.

**ANSWER:   Defendants deny the allegations of Plaintiff's paragraph twenty-two (22).**

### Count 1
### 42 U.S.C. § 1983 Claim for Failure to Provide First Aid and Medical Care (Fourteenth Amendment)

23.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:   Defendants, restate their responses to Plaintiff's paragraphs one (1) through twenty-two (22) as their answer to Plaintiff's paragraph twenty-three (23) as though fully stated herein.**

24.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 violated Courtney Copeland's rights under the Fourteenth Amendment to the United States Constitution by depriving him of first aid and medical care for the treatment of his gun shot wound and caused the injuries alleged in this complaint.

**ANSWER:   Defendants deny Plaintiff's paragraph twenty-four (24).**

9

25. The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as alleged in this Count of the complaint, were the direct and proximate cause of the constitutional violations set forth above and of the plaintiffs injuries.

**ANSWER: Defendants deny Plaintiff's paragraph twenty-five (25).**

**Count 2**
**42 U.S.C. § 1983 Claim for Failure to Provide First Aid and Medical Care**
**(Fourth Amendment)**

26. Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER: Defendants restate their responses to Plaintiff's paragraphs one (1) through twenty-six (26) as their answer to Plaintiff's paragraph twenty-six (26) as though fully stated herein**

27. The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 violated Courtney Copeland's rights under the Fourth Amendment to the United States Constitution by depriving him of first aid and medical care for the treatment of his gun shot wound and caused the injuries alleged in this complaint.

**ANSWER: Defendants deny Plaintiff's paragraph twenty-seven (27).**

28.     The actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as alleged in this Count of the complaint, were the direct and proximate cause of the constitutional violations set forth above and of the plaintiffs injuries.

**ANSWER:    Defendants deny Plaintiff's paragraph twenty-eight (28).**

## Count 3
## State Law Survival Claim

29.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:    Defendants restate their responses to Plaintiff's paragraphs one (1) through twenty-eight (28) as their answer to Plaintiff's paragraph twenty-nine (29) as though fully stated herein.**

30.     As a direct and proximate result of the wrongful actions of the defendant unknown John Doe Chicago Fire Department medical personnel 1-10 defendant, defendant officer Andrew Block, defendant officer Javier Escanio, defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10, as alleged in this complaint, Courtney Copeland suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from his wounds as a result of the failure of the defendants to provide first aid and medical care, subjecting them to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

**ANSWER:    Defendants deny Plaintiff's paragraph thirty (30)**.

## Count 4
### State Law Wrongful Death Claim

31.    Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count

**ANSWER:    Defendants, restate their responses to Plaintiff's paragraphs one (1) through thirty (30) as their answer to Plaintiff's paragraph thirty-one (31) as though fully stated herein.**

32.    As a direct and proximate result of the foregoing willful and wanton acts of the Defendant and City of Chicago, Courtney Copeland died on March 4, 2016.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph thirty-two (32).**

33.    Plaintiff, Shapearl Wells, Independent Administrator of the Estate of Courtney Copeland, deceased, brings this action in her capacity as Independent Administrator on behalf of the beneficiaries of the Estate of Courtney Copeland, all of whom have suffered and will continue to suffer pecuniary loss as a result of the death of Courtney Copeland.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph thirty-three (33).**

## Count 5
### State Law Claim for Funeral Expenses

12

34.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:   Defendants, restate their responses to Plaintiff's paragraphs one (1) through thirty-three (33) as their answer to Plaintiff's paragraph thirty-four (34) as though fully stated herein.**

35.     As a direct and proximate result of the actions of the defendants alleged in this complaint, having been taken within the scope of each defendant's employment with the City of Chicago, Plaintiff and the Estate of Courtney Copeland sustained losses in the form of funeral and burial expenses.

**ANSWER:   Defendants deny the allegations of Plaintiff's paragraph thirty-five (35).**

### Count 6
### State Law Claim for Conspiracy

36.     Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:   Defendants restate their responses to Plaintiff's paragraphs one (1) through thirty-five (35) as their answer to Plaintiff's paragraph thirty-six (36) as though fully stated herein.**

37.     Defendants, together with their unsued co-conspirators, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to complete false,

13

inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal the wrongdoing of Defendants.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph thirty-seven (37).**


38.    In furtherance of this conspiracy or conspiracies, the Defendants, together with their unsued co-conspirators, committed the overt acts set alleged in this complaint.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph thirty-eight (38).**


39.    These conspiracies are continuing.

**ANSWER:    Defendants deny the allegations of Plaintiff's paragraph thirty-nine (39).**


## Count 7
### State Law Claim for Respondeat Superior Against Defendant City of Chicago

40.    Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:    Defendants  restate their responses to Plaintiff's paragraphs one (1) through thirty-nine (39) as their answer to Plaintiff's paragraph forty (40) as though fully stated herein.**


41.    The defendant unknown John Doe Chicago Fire Department medical personnel 1-10, defendant officer Andrew Block, defendant officer Javier Escanio,

defendant officer Ryan Leon, and other defendant unknown John Doe officers 1-10 were each, at all times material to the allegations made in this complaint, employees and agents of the Defendant City of Chicago acting within the scope of their employment. Defendant City of Chicago is liable for the acts of each of the individual defendants which violated state law under the doctrine of respondeat superior.

**ANSWER:   Defendant, CITY, admits that, at all times relevant hereto, Defendants Block, Escanio and Leon  were employees of the City of Chicago acting within the scope of their employment. Pursuant to FRCP8(b)(5), Defendant City has knowledge insufficient to either admit or deny whether it is the employer of the unidentified "Unknown John Doe Chicago Police Officers 1-10" and "Unknown Chicago Fire Department Personnel 1-10." Answering further, Defendant City denies there was any violation of state law and denies the remaining allegations contained in this paragraph because these allegations contain a legal conclusion and contain a vague, incomplete and/or inaccurate statement of the law. Defendants Block, Escanio and Leon make no answer to this paragraph as the allegations contained therein are not directed against them, but to the extent any of the allegations contained in Plaintiff's paragraph forty-one (41) can be said to be directed against Defendants Block, Escanio and Leon, said allegations are denied.**

## Count 8
### 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

42.    Plaintiff repeats and realleges the preceding paragraphs of this complaint, as if they were fully set out in this Count.

**ANSWER:** **Defendants restate their responses to Plaintiff's paragraphs one (1) through forty-one (41) as their answer to Plaintiff's paragraph forty-two (42) as though fully stated herein.**

43.     Defendant City of Chicago was the employer of each of the defendants officers and fire department medical personnel at all times relevant to the allegations contained in this complaint.

**ANSWER:** **Defendant, CITY, admits that, at all times relevant hereto, it was the employer of Defendants Block, Escanio and Leon and denies any allegation of misconduct or other wrongdoing alleged herein. Pursuant to FRCP8(b)(5), Defendant City has knowledge insufficient to either admit or deny the remaining allegations contained this paragraph. Defendants Block, Escanio and Leon make no answer to this paragraph as the allegations contained therein are not directed against them, but to the extent any of the allegations contained in Plaintiff's paragraph forty-three (43) can be said to be directed against Defendants Block, Escanio and Leon, said allegations are denied.**

44.     Defendant officer and defendant fire department medical personnel committed the acts alleged in this complaint under the color of law and in the scope of their employment as an employee of the City of Chicago and the City is liable for their actions under 745 ILCS 10/9-102.

**ANSWER:** **Defendant, CITY, denies that the allegations contained in Plaintiff's paragraph forty-four (44) are a complete and accurate statement of law and, therefore, denies the allegations contained in this paragraph and denies Plaintiff is entitled to compensatory damages, attorney's fees or costs.**

16

## AFFIRMATIVE AND OTHER DEFENSES

As and for their Affirmative Defenses to the Plaintiff's Complaint, and without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, CITY OF CHICAGO, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON, hereby state as follows:

### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

1.      The individually named Defendant-Officers, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON, were at all times relevant herein, governmental officials, namely police officers, who perform discretionary functions.

2.      At all times material to the events alleged in the Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the individually named Defendant-Officers, could have believed their actions to be lawful in light of clearly established law and the information that the Defendant-Officers then possessed.

3.      Plaintiff's decedent was never placed under arrest, was never restrained or handcuffed and was treated at all times as a victim rather than a suspect.

4.      Moreover, it will be shown that Lieutenant Block requested an ambulance for Plaintiff's decedent immediately after encountering him.

5.      The Defendant-Officers are, therefore, entitled to qualified immunity as to Plaintiff's Count I (14th Amendment) and Count II (4th Amendment).

17

## SECOND AFFIRMATIVE DEFENSE: 745 ILCS 10/2-202

1.      As to the state law claims (Counts II-VI), the individually named Defendant-Officers, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON, are not liable for any of the claims because at all times relevant to the Plaintiff's Complaint, they were public employees, who were engaged in the execution or enforcement of the law (i.e. investigating a shooting), and none of their acts or omissions in the execution or enforcement of the law constituted willful and wanton conduct. (745 ILCS 10/2-202).

## THIRD AFFIRMATIVE DEFENSE: 745 ILCS 10/6-105

1.      As to the state law claims (Counts II-VI), the individually named Defendant-Officers, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO are and OFFICER RYAN LEON and the CITY OF CHICAGO, are not liable for any injury caused by the alleged failure to make a physical examination, or to make an adequate physical examination, for the purpose of determining whether such person has a physical condition that would constitute a hazard to the health of safety of himself.

2.      Accordingly, Defendants are entitled to the protections afforded to them pursuant to 745 ILCS 10/6-105.

## FOURTH AFFIRMATIVE DEFENSE: PUNITIVE DAMAGES

1.      Defendant, CITY OF CHICAGO, is immune from the imposition of punitive damages under both state and federal law.

18

2.      Moreover, under Illinois law, a unit of local government cannot be required to indemnify its employee for punitive damages, nor may it pay a judgment for punitive damages. *See* 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

## FIFTH AFFIRMATIVE DEFENSE: PERSONAL INVOLVEMENT

1.      Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. §1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. §1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## SIXTH AFFIRMATIVE DEFENSE: 745 ILCS 10/2-109

1.      Defendant, CITY OF CHICAGO, is not liable to Plaintiff for any state or federal claims for which the Defendant-Officers are not liable to Plaintiff. *See* 745 ILCS 10/2-109; *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## SEVENTH AFFIRMATIVE DEFENSE

1.      Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board,* 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

## EIGHTH AFFIRMATIVE DEFENSE

1.      Under the Illinois Tort Immunity Act, Defendant Officers are immune from liability for any claims arising from an allegation of inadequate police service or related actions. 745 ILCS 10/4-102.

## NINTH AFFIRMATIVE DEFENSE

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state-law claims alleged because the decision as to what action to take with regard to Courtney Copeland was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

## TENTH AFFIRMATIVE DEFENSE

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state-law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## ELEVENTH AFFIRMATIVE DEFENSE

1.      Under Illinois law, all actions against public employees must be commenced within one year of the date the cause of action accrued. 745 ILCS 10/8-101. The cause of action in this matter accrued on March 4, 2016. To that end, Plaintiff had until March 4, 2017 to initiate a proceeding against a public employee. Plaintiff,

however, did not file this action until March 3, 2018. As such, Plaintiff's state law claims are barred by the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

1.      To the extent Courtney Copeland or Plaintiff failed to mitigate any of the claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that there is a duty to mitigate damages commensurate with the degree of the failure to mitigate attributed by a jury in this case.


**WHEREFORE**, Defendants, CITY OF CHICAGO, a municipal corporation, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON, hereby demand judgment in their favor and against the Plaintiff, Estate of Courtney Copeland, deceased, by SHAPEARL WELLS, as independent administrator, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.


Respectfully Submitted,

/s/Michael R. Hartigan
  Michael R. Hartigan, one of the
  attorneys for the Defendants


Michael R. Hartigan, ARDC No. 06272365
Patrick H. O'Connor, ARDC No. 06207351
HARTIGAN & O'CONNOR P.C.
53 West Jackson Blvd., Suite 460
Chicago, IL 60604
Tel. 312/235-8880
Fax 312/235-8884

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, states that on the 20th day of June, 2018, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

                                    /s/Michael R. Hartigan_____