UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF COURTNEY COPELAND, Deceased, by SHAPEARL WELLS, Independent Administrator | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18 CV 01596 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER ANDREW BLOCK, CHICAGO POLICE OFFICER JAVIER ESCANIO, CHICAGO POLICE OFFICER RYAN LEON, UNKNOWN JOHN DOE CHICAGO POLICE OFFICERS 1-10, UNKNOWN CHICAGO FIRE DEPARTMENT PERSONNEL 1-10 | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Rebecca R. Pallmeyer Magistrate Judge Hon. Young B. Kim |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS III-VIII**

NOW COME the Defendants, CITY OF CHICAGO, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON (collectively "Defendants" or individually-named defendants as "Defendant-Officers"), by and through their attorneys, Hartigan & O'Connor, P.C., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bring the following Partial Motion to Dismiss Counts III-VIII (collectively "State Law Claims"), and in support thereof, state the following:

1

## Procedural History and Background

On **March 3, 2018**, Plaintiff, ESTATE OF COURTNEY COPELAND, Deceased, by SHAPEARL WELLS, Independent Administrator, filed this civil rights action. (ECF #1)(hereinafter "Complaint"). Plaintiff's Complaint contains the following counts:

- I. 42 U.S.C. §1983 - Failure to Provide First Aid and Medical Care (14th Amendment)
- II. 42 U.S.C. §1983 - Failure to Provide First Aid and Medical Care (4th Amendment)
- III. Survival (755 ILCS 5/27-6)
- IV. Wrongful Death
- V. Funeral Expenses
- VI. Conspiracy
- VII. *Respondeat Superior*
- VIII. Indemnification (745 ILCS 10/9-102)

Plaintiff's cause of action arises out of a shooting which occurred on **March 4, 2016** at 1:15AM in the Belmont-Cragin neighborhood of the City of Chicago. (Complaint, ¶11). Plaintiff's decedent was shot by an unknown assailant. *Id.* Plaintiff claims that the Defendant-Officers barred him from leaving the scene, handcuffed him and failed to give Plaintiff's decedent first aid and medical care. (Complaint, ¶¶17-18). Plaintiff's estate claims that the actions of the Defendant-Officers caused or contributed to his untimely death.

## Argument

**I.    Plaintiff's State-Law Claims Were Filed Beyond the One-Year Statute of Limitations (745 ILCS 10/8-101(a))**

Typically, the argument that a plaintiff's claims are time barred is an affirmative defense (see Fed.R.Civ.P. 8(c)). This Circuit has held that complaints need not anticipate or defuse potential defenses. <u>United States Gypsum Company v. Indiana Gas Co., Inc</u>., 350 F.3d 623, 626 (7th Cir. 2003). Despite these admonitions, the Seventh Circuit has also consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. See <u>Cancer Found Inc. v. Cerberus Capital Mgmt., LP.</u>, 559 F.3d 671, 675 (7th Cir. 2009)(dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred."); <u>Andonissamy v. Hewlett-Packard Co.</u>, 547 F.3d 841, 847 (7th Cir. 2008)(state that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.")(internal citations omitted); <u>U.S. Gypsum Co. v. Ind. Gas Co. Inc.</u>, 350 F.2d 623, 626 (7th Cir. 2003)("a litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense."); <u>Xechem Inc. v. Bristol-Meyers Squibb Co.</u>, 372 F.3d 899, 901 (7th Cir. 2004)("Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).")

In the instant matter, Defendants are not challenging the timeliness of Plaintiff's "federal" claims found at Counts I and II. Indeed, the limitations period for a §1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-241, 249-250 (1989)(internal quotation omitted). In Illinois, the relevant limitations provision requires a plaintiff to bring suit within two years of a cause of action's accrual. See 735 ILCS 5/13-202; *Jenkins v. Maywood*, 506 F.3d 622, 623 (7th Cir. 2007).

While Plaintiff's Section §1983 claims are timely, her state-law claims are governed by a different statute of limitations. The Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101, *et seq.*)("Tort Immunity Act") provides that "Illinois local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions' against them." *Wilson v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); see 745 ILCS 10/8-101(a). This statute applies even when the state law claims are joined with §1983 claims. Accordingly, "[w]hile the two-year period…applies to Section 1983 claims…the one-year period applies to state-law claims that are joined with a Section 1983 claim." *Id.* (internal citations omitted).

Plaintiff's Complaint has joined Section 1983 claims with state-law claims. According to Plaintiff's Complaint, the events that give rise to this litigation all occurred on **March 4, 2016**. (Complaint, ¶1). The one-year statute of limitations period for Plaintiff's state-law claims contained in Counts III-VIII expired on **March 4, 2017**. Plaintiff did not file the Complaint until **March 3, 2018**. This matter was originally filed in

4

federal court and there have been no amendments to the Complaint that is subject to this motion.

Therefore, Plaintiff's Complaint provides all the necessary ingredients for this Court to find that Plaintiff's State Law Claims (Counts III-VIII) are time-barred by the one year statute of limitations applicable to local public entities and its employees. <u>745 ILCS 10/8-101(a)</u>.

## **Conclusion**

**WHEREFORE**, Defendants, CITY OF CHICAGO, a municipal corporation, LIEUTENANT ANDREW BLOCK, OFFICER JAVIER ESCANIO and OFFICER RYAN LEON, respectfully request that this Honorable Court dismiss Counts III through XIII of Plaintiff's Complaint, with prejudice, and for any other relief deemed appropriate.

Respectfully Submitted,

/s/Michael R. Hartigan
Michael R. Hartigan, one of the
attorneys for the Defendants,
City of Chicago, et al.

Michael R. Hartigan, ARDC No. 06272365
Patrick H. O'Connor, ARDC No. 06207351
HARTIGAN & O'CONNOR P.C.
53 West Jackson Blvd., Suite 460
Chicago, IL 60604
Tel. 312/235-8880
Fax 312/235-8884

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, states that on the 20th day of June, 2018, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

                                                    /s/Michael R. Hartigan_____