UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF COURTNEY COPELAND, Deceased, by SHAPEARL WELLS, Independent Administrator <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, CHICAGO POLICE OFFICER ANDREW BLOCK, CHICAGO POLICE OFFICER JAVIER ESCANIO, CHICAGO POLICE OFFICER RYAN LEON, UNKNOWN JOHN DOE CHICAGO POLICE OFFICERS 1-10, UNKNOWN CHICAGO FIRE DEPARTMENT PERSONNEL 1-10 <br><br> Defendants. | No.  18 CV 01596 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate Judge Hon. Young B. Kim |

## Report of Parties Planning Meeting

1. **Meeting**  Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 13, 2018 and was attended by: Amanda Yarusso for Plaintiff, and Michael R. Hartigan, for all defendants.

2. **Nature of the Case**

   a.  The case involves the following claims and counterclaims:

   Plaintiff claims that on March 4, 2016, Defendant-officers, Andrew Block, Javier Escanio and Ryan Leon, each violated Plaintiff's 4th and 14th amendment right by failing to provide first aid and medical care after they encountered Plaintiff's decedent, Courtney Copeland, who had been shot by an unknown assailant. Plaintiff further claims that Copeland was barred from leaving the scene and was handcuffed. Plaintiff's decedent allegedly died while *en route* to Illinois Masonic Hospital via ambulance.

b. The basis for federal jurisdiction is:

42 U.S.C. §1983, the Judicial Code §§1331 and 1343(a), and the United States Constitution.

### 3. Pre-trial Schedule

The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects:

The events leading up to, following, and the occurrence itself in which Courtney Copeland encountered the Defendant-Officers and other Chicago police and emergency personnel.

The Defendant-Officers' training, supervision and disciplinary history.

Courtney Copeland's relationship with his next of kin and aspects of his daily life relevant to damages.

There is no Monell claim in this case; however, the Plaintiff anticipates conducting some discovery regarding the City's policies and practices applying to the situation that is the subject of the Complaint, i.e. when Chicago police officers encounter a shooting victim and their duty to render aid and/or provide medical treatment.

b This case is subject to the MIDP provisions; thus, MIDP responses are to be made by: **July 20, 2018.**

All discovery to be commenced in time to be completed by: **March 1, 2019.**

c. The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches: **The parties do not anticipate the need for discovery of ESI, but will cooperate in conducting any discovery of ESI as the need arises.**

d. The parties expect they will need approximately **10-15 depositions, including the following:**

   **Deposition of Plaintiff's Independent Administrator and other damages witnesses identified.**

   **Depositions of three Defendant-officers regarding their respective actions on the night of the occurrence and as well as other investigating or responding CPD personnel.**

   **Depositions of responding Chicago Fire Department paramedics and/or emergency personnel who were dispatched to the scene, and emergency room personnel at Illinois Masonic.**

e. Reports from retained experts under Rule 26(a)(2) due:

   from plaintiff[s] by **November 15, 2018.**

   from defendant[s] by **January 15, 2019.**

f. All potentially dispositive motions should be filed by **April 5, 2019.**

## 4. Trial Schedule

a. Final pretrial order: Plaintiff to prepare proposed draft by **June 14, 2019;** parties to file joint final pretrial order by **June 28, 2019.**

b. The case should be ready for trial by **July 15, 2019,** and at this time is expected to take approximately **5 days.**

## 5. Expected Evidentiary Proceedings

The parties anticipate there may be the following types of evidentiary hearings: motions *in limine*; *Daubert* hearing, jury trial.

## 6. Settlement

The parties need to conduct some initial discovery, including written discovery and depositions of the parties, in order to evaluate the case and discuss the possibility of settlement.

## 7. Consent.

Parties do not consent unanimously to proceed before a Magistrate Judge.

Date: July 13, 2017

Respectfully submitted,

/s/ Amanda S. Yarusso
One of the Attorneys for Plaintiff

Andrew M. Stroth
ACTION INJURY LAW GROUP, LLC
191 N. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
ODIM LAW OFFICES
225 W. Washington Street
Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlawoffices.com

Amanda S. Yarusso
111 W. Washington Street
Suite 1500
Chicago, Illinois 60602
(773) 510-6198
amanda.yarusso@gmail.com

ATTORNEYS FOR PLAINTIFF

/s/ Michael Hartigan
Counsel for all Defendants

Hartigan & O'Connor, P.C.
53 W. Jackson, Suite 460
Chicago, IL 60604
(312) 235-8880
mhartigan@hartiganlaw.com